UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HARVEY A. BUCHHOLZ,

    Plaintiff.

vs.

YAKKO-SAN, LLC, a Florida Limited Liability Company,

    Defendant.

_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, HARVEY A. BUCHHOLZ, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, YAKKO-SAN, LLC, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. 12181 et seq. ("ADA").

    1.    Plaintiff is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind. Plaintiff is visually impaired and is therefore unable to fully engage in and enjoy the major life activity of seeing.

    2.    Plaintiff also utilizes the internet. Plaintiff uses screen reader software, software specially designed for the visually impaired ("SRS") to aid in reading computer materials and/or to aid in accessing and comprehending internet website information.

3. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their websites are in compliance with the ADA.

4. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases is a restaurant known as "YAKKO-SAN" located in Miami-Dade County, Florida (hereinafter, "public accommodation"). Plaintiff desired to visit YAKKO-SAN and intends to visit in the future within the next six (6) months.

5. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, a website located at http://www.yakko-san.com (hereinafter "website"). Defendant is the owner, operator, lessor and/or lessee of the website. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the above-referenced public accommodation. This website provides information about Defendant's public accommodation, including information about the goods, services, accommodations, privileges, benefits and facilities available to patrons. On information and belief, Defendant also continually and/or periodically updates and maintains the website.

6. Venue lies in the Southern District pursuant to 28 U.S.C. §1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

7. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. *See also* 28 U.S.C. §2201 and §2202.

8. The website is an extension of Defendant's place of public accommodation. By and through this website, Defendant extends its public accommodation into individual persons' homes and personal computers wherever located. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation. The website also provides access to the goods, services, facilities, privileges, advantages or accommodations of the place of public accommodation. As such, the website is governed by the following provisions:

a. 42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements

with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

e.   42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

f.   42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

g.   42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

h.   42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking

such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

9. As the owner or operator of the subject website, Defendant is required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein.

10. Plaintiff attempted to access and/or utilize Defendant's website, but was unable to, and continues to be unable to, enjoy full and equal access to the website and/or understand the content therein because numerous portions of the website do not interface with and are not readable by SRS. More specifically, features of the website that are inaccessible to the visually impaired include, but are not limited to, the following:

Defendant's website contains graphics, links, headings, functions, forms and text with information that is not fully readable and/or compatible with SRS.

11. As more specifically set forth above, Defendant has violated the above cited provisions of the ADA by failing to interface its website with software utilized by visually impaired individuals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff and other similarly situated individuals on the basis of their disability:

a. by depriving them of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. Section 12182(a));

b. in the denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. Section 12182(b)(1)(A)(i));

c. in affording them the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals (42 U.S.C. Section 12182(b)(1)(A)(ii));

d. by providing them a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others (42 U.S.C. Section 12182(b)(1)(A)(iii));

e. by failing to afford them goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the individual (42 U.S.C. Section 12182(b)(1)(B));

f. notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying them the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. Section 12182(b)(1)(C));

g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such

goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. Section 12182(b)(2)(ii));

h.  by a failure to take such steps as may be necessary to ensure that they are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden (42 U.S.C. Section 12182(b)(2)(iii)).

12. There is a nexus between the website and the public accommodation, as the website acts as a "gateway" to the public accommodation, and an extension of the public accommodation. The website provides information about the public accommodation, including lunch specials, menu, pricing, restaurant information, and directions. As Plaintiff is unable to access portions of the website, Plaintiff's ability to access the public accommodation is impeded. Plaintiff is deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of YAKKO-SAN as other individuals are able to access information, services, privileges, and advantages available on the website that is unavailable to Plaintiff.

13. Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website in the near future. In the alternative, Plaintiff intends to monitor the website in the near future, as a tester, to ascertain whether it has been updated to interface properly with SRS.

14. Plaintiff is continuously aware of the violations at Defendant's website and is aware that it would be a futile gesture to attempt to utilize the website as long as those violations exist unless he is willing to suffer additional discrimination.

15. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to attempt to utilize the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

16. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

17. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website as described above. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to access the website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

18. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its website to make it readily accessible to and usable by Plaintiff and other persons with vision impairment.

21. As a result of the foregoing, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and litigation expenses paid by Defendant pursuant to 42 U.S.C. §12205.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant's website at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq.;

b. The Court issue a Declaratory Judgment that determines that the Defendant's website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq.;

c. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

d.	That this Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

e.	That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.	That this Court enters an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals.

g.	An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. 12205.

h.	Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.


By: *Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 E Hallandale Beach Blvd., Suite 503
Hallandale, Florida 33009
Telephone: (954) 639-7016
RonSternLaw@gmail.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

HARVEY A. BUCHHOLZ,

    Plaintiff.

    vs.

YAKKO-SAN, LLC, a Florida Limited
Liability Company,

        Defendant.

_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 8th, 2019, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 E Hallandale Beach Blvd., Suite 503
Hallandale, Florida 33009
Telephone: (954) 639-7016
RonSternLaw@gmail.com
Attorney for Plaintiff

## **SERVICE LIST:**

HARVEY A. BUCHHOLZ, Plaintiff, vs. YAKKO-SAN, LLC, a Florida Limited Liability Company, Defendant

## **CASE NO:**

United States District Court, Southern District of Florida

**YAKKO-SAN, LLC**

**REGISTERED AGENT:**

KLAPHOLZ, JOSEPH PESQ.
JOSEPH P. KLAPHOLZ, P.A.
7951 SW 6TH STREET
SUITE 210
PLANTATION, FL 33324-3276

**VIA PROCESS SERVER**