UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-23735-JEM

HARVEY A. BUCHHOLZ

     Plaintiff,

vs.

YAKKO-SAN, a Florida limited liability company,

     Defendant

_____/

## MOTION TO DISMISS

Defendant, YAKKO-SAN, by and through undersigned counsel, pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, hereby moves for dismissal of Plaintiff, HARVEY A. BUCHHOLZ'S complaint:

I.    Introduction

This is a case arising under Title III of the Americans With Disabilities Act ("ADA" or the "Act"), 42 U.S.C. ch. 126 §12181 *et seq.* Plaintiff is legally blind (complaint ¶1), but is able to access the internet via special software designed to facilitate his ability to understand what is displayed upon his computer screen ("SRS", complaint ¶2). He is a self-professed "tester" for compliance with the ADA as applicable to places of public accommodation "and/or their websites" (complaint ¶3).

Defendant is alleged to own, lease and/or operate a place of public accommodation known as Yakko-San which is a restaurant located within Miami-Dade County (complaint ¶4). In connection therewith, Defendant "constructed, or caused to be constructed" a website located at www.yakko-san.com (complaint ¶5). Defendant's website "provides information about Defendant's public accommodation, including information about the goods, services,

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

accommodations, privileges, benefits and facilities available to patrons" (*id.*) Plaintiff claims that he "desired to visit YAKKO-SAN and intends to visit in the future within the next six (6) months" (complaint ¶4).

However, Plaintiff alleges that he was unable to access certain parts of Defendant's website "because numerous portions of the website do not interface with and are not readable by SRS" (complaint ¶10). Without specifying exactly which portions of Defendant's website Plaintiff attempted to access, but could not, he further alleges that the site "contains graphics, links, headings, functions, forms and text with information that is not fully[1] readable and/or compatible with SRS" (*id.*) Notably, Plaintiff thereafter claims that Defendant's website "provides information about the public accommodation, including lunch specials, menu, pricing, restaurant information, and directions" (complaint ¶12) but Mr. Buchholz does not allege that he was unable to access any of the foregoing information with SRS[2]. Instead, he merely concludes that his "ability to access the public accommodation is impeded" because he "is unable to access portions of the website" (*id.*)

As will be detailed below, the allegations of the complaint fail to state a claim for a violation of Title III of the ADA. More importantly, Defendant has already updated its website to ensure full compatibility with industry-standard screen reading software as reflected by the attached affidavit of Hiroshi Shigetomi. This action is therefore moot and should be dismissed with prejudice.

II.      Legal Standard

      A.  *Rule 12(b)(1)*

---

[1] Note the manner in which Plaintiff has qualified this allegation ("…information that is not *fully* readable and/or compatible", emphasis added) without any delineation of what portions of the information in question are accessible or inaccessible.
[2] Indeed, the presence of allegations detailing the information available via Defendant's website suggests that Plaintiff was in fact able to access the various categories of information specified in paragraph 12.

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

Upon the Court's consideration of a Rule 12 motion raising a jurisdictional challenge in addition to seeking dismissal for failure to state a claim, the "preferred approach" is to address the jurisdictional challenge first. *See* Taurus Property Ventures, LLC v. City of Plant City, 2006 WL 68920 at 2, n.2 (M.D.Fla. Jan. 11, 2006) (citing Jones v. State of Georgia, 725 F.2d 622, 623 (11th Cir.1984)); *see also* EEOC v. Labor Solutions of AL LLC, 242 F.Supp.3d 1267, 1269 (N.D. Ala. 2017).

Within the context of ADA litigation involving the existence of architectural barriers within places of public accommodation, a property owner's voluntary remediation of the barriers at issue renders the action moot. *See* Kennedy v. Nick Corcokius Enterprises, Inc., 2015 WL 7253049 at 2-3 (S.D.Fla. Nov. 17, 2015); Access 4 All, Inc. v. Bamco VI, Inc., 2012 WL 33163 at 6 (S.D.Fla. Jan. 6, 2012) (acknowledging that "federal courts have found ADA claims moot" based upon the defendant's voluntary implementation of structural modifications); National Alliance for Accessability, Inc. v. Walgreen Co., 2011 WL 5975809 at 3 (M.D.Fla. Nov. 28, 2011) (acknowledging that federal courts have dismissed ADA claims as moot when the alleged architectural violations have been remedied after the complaint was filed "[i]n a number of cases"); Kallen v. J.R. Eight, Inc., 775 F.Supp.2d 1374, 1379 (S.D.Fla.2011) (where parties agreed that nine of the architectural violations alleged in the complaint were voluntarily remedied by the defendant, "the Court finds that those nine claims are rendered moot and subject to dismissal for lack of jurisdiction.")

Similarly, the increasing prevalence of Title III ADA litigation as applied to websites connected to physical places of public accommodation has led some courts to extend the foregoing mootness analysis to circumstances whereby a website alleged to be inaccessible is voluntarily updated after suit has been filed. *See, e.g.,* Diaz v. Kroger Co., 2019 WL 2357531 at

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

3-5 (S.D.N.Y. June 4, 2019) (holding that modifications to website alleged to be inaccessible which were completed after suit was filed deprived the court of subject matter jurisdiction; "the Court believes that ADA cases involving websites are subject to the same mootness standard as their 'structural' counterparts"); Carroll v. New People's Bank, Inc., 2018 WL 1659482 at 4 (W.D.Va. April 5, 2018) (finding that post-litigation replacement of allegedly inaccessible website rendered action moot; "Developing a website is not a minor undertaking, and I find it unlikely that NPB would return to a website that is less functional and contains the alleged accessibility barriers"); *see also* Haynes v. Outback Steakhouse of Florida, LLC, 2017 WL 4284487 at 2 (S.D.Fla. Aug. 17, 2017) (noting that Title III ADA website claim "appears to be moot" because the defendant was already committed to upgrading the website pursuant to parallel, overlapping litigation; "It is therefore unclear what else Haynes hopes to accomplish, other than obtain attorney's fees for his counsel").

The United States Court of Appeals for the Eleventh Circuit previously analyzed mootness within the context of the doctrine of voluntary cessation in the case of Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173 (11th Cir.2007). There, the Court cited to the U.S. Supreme Court's opinion in Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) wherein "the standard … for determining whether a case has been mooted by the defendant's voluntary conduct" was explained to be dependent upon events making it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Sheely, 505 F.3d at 1183-84. The Eleventh Circuit thereafter explained the factors it considers relevant in applying the general standard for mootness set forth in Friends of the Earth: (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Id.* at 1184.

Applying these factors to the case before it, the Sheely Court determined that the case was not moot because the challenged practice involved a company policy by which service animals were not permitted beyond the defendant's waiting area. After carefully reviewing record evidence concerning the defendant's voluntary cessation of the challenged practice, the Sheely Court concluded that it could not say "with any degree of confidence" that the defendant changed its policy for reasons other than "to simply deprive the court of jurisdiction." *Id.* at 1185-88.

Notwithstanding the Eleventh Circuit's pronouncement of the "formidable, heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again", *id.* at 1184, various courts considering mootness within the context of voluntary remediation of architectural barriers have distinguished Sheely as involving only a discriminatory policy rather than an architectural feature[3]. *See, e.g.,* Nick Corcokius Enterprises. Inc., 2015 WL 7253049 at 3 (concluding that "the alleged discrimination cannot reasonably be expected to recur since structural modifications permanently undo the offending conduct"); Bamco VI, Inc., 2012 WL 33163 at 5-6 (acknowledging that "the 'stringent' standard the Eleventh Circuit articulated for mootness in *Sheely* was applied to discriminatory conduct rather than the architectural modifications at issue here" and that "the alleged discrimination cannot

---

[3] The Eleventh Circuit subsequently decided Kennedy v. Omegagas & Oil, LLC, 748 Fed.Appx. 886 (11th Cir.2018), in which it applied the Sheely factors to a voluntary cessation case in which alleged architectural barriers were structurally altered by the defendant to bring the subject property into ADA compliance. The Kennedy Court ultimately affirmed the district court's judgment in favor of the defendant finding the majority of the complaint to be mooted by the defendant's voluntary remediation of all but one of the barriers cited. *Id.* at 892 ("Unlike in *Sheely*, which involved a discriminatory policy prohibiting the presence of service dogs at a radiology clinic, the changes here are more permanent in nature.")

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

reasonably be expected to recur because 'structural modifications are unlikely to be altered in the future'"); National Alliance for Accessability, Inc., 2011 WL 5975809 at 3 (same). These same distinguishing considerations should likewise be applicable to updates made to an allegedly inaccessible website since, like architectural modifications, altering a website requires the assistance of a professional with specialized knowledge. Diaz, 2019 WL 2357531 at 3-5; Carroll, 2018 WL 1659482 at 4.

Once accessibility barriers have been remediated, a private plaintiff under the ADA is left without a remedy since only prospective injunctive relief is available under the Act. *See* Norkunas v. Seahorse NB, LLC, 444 Fed.Appx. 412, 416 (11th Cir.2011) ("The ADA provides only prospective injunctive relief for violations, and does not allow for damages for past discrimination or past remedied violations", citing 42 U.S.C. §12188(a)(1)); *see also* Johnson v. Wayside Property, Inc., 41 F.Supp.3d 973, 978 (E.D.Cal.2014) ("Because a private plaintiff can sue only for injunctive relief (i.e. for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim", citing Oliver v. Ralph's Grocery Co., 654 F.3d 903, 905 (9th Cir.2011)).

Where a district court disposes of a case on mootness grounds, it loses subject matter jurisdiction and mootness is therefore appropriately addressed via motion to dismiss pursuant to Rule 12(b)(1). *See* Sheely, 505 F.3d at 1182-83 (explaining that mootness eliminates a live controversy over which an Article III court can preside, rendering the case dismissible under Rule 12(b)(1)). A motion to dismiss under Rule 12(b)(1) comes in one of two varieties: a "facial" attack, in which jurisdiction is challenged based only upon the allegations of the complaint; and "factual" attacks, in which jurisdiction is challenged based upon something other than the pleadings. *See* National Alliance for Accessability, Inc., 2011 WL 5975809 at 2 (citing Morrison

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir.2003)). "Facial" challenges to subject matter jurisdiction are akin to the analysis under a Rule 12(b)(6) motion in that the presiding court accepts the complaint's factual allegations as truthful, whereas "factual" challenges permit the court to consider extrinsic evidence such as testimony and affidavits without regard to the pleadings. *Id.* Challenges based upon a lack of subject matter jurisdiction may be raised at any time. *See* Larsen v. AirTran Airways, Inc., 2007 WL 2320592 at 2 (M.D.Fla. Aug. 10, 2007).

Here, Defendant is raising a "factual" challenge to the Court's subject matter jurisdiction since it is premised upon the voluntary remediation of Yakko-San's allegedly inaccessible website occurring subsequent to the filing of Plaintiff's complaint. Accordingly, the Court is free to consider extrinsic evidence (such as the attached affidavit of Mr. Shigetomi) when considering the instant motion.

### B.  Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests whether the Plaintiff has sufficiently stated a claim, which must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Haynes v. Interbond Corporation of America, 2017 WL 4863085 at 3 (S.D.Fla. Oct. 16, 2017) (citing Fed.R.Civ.P. 8(a)(2)). In order to survive a Rule 12(b)(6) challenge, "the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See* Gomez v. Bang & Olufsen America, Inc., 2017 WL 1957182 at 1 (S.D.Fla. Feb. 2, 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Facial plausibility is dependent upon allegations which "[allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, this requires more than a "formulaic recitation of the elements of the cause of action". *Id.* (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Accordingly, the Court upon

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

consideration of a Rule 12(b)(6) motion to dismiss must accept the truthfulness of specific factual allegations but is free to ignore legal conclusions, conclusory factual allegations, unwarranted factual deductions or "legal conclusions masquerading as facts". *See* Price v. Escalante-Black Diamond Golf Club LLC, 2019 WL 1905865 at 7 (M.D.Fla. April 29, 2019) (citing, *inter alia*, Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir.2003)).

III.     Lack of Subject Matter Jurisdiction Due to Mootness

As reflected by the attached affidavit of Hiroshi Shigetomi, Defendant has voluntarily updated its website for purposes of making it fully compatible with most types of screen reader software[4]. Accordingly, this action is now moot simply because the inaccessibility complained of – namely, "graphics, links, headings, functions, forms and text with information that is not fully readable and/or compatible with SRS" – has been resolved such that Plaintiff and all other similarly-situated individuals should be able to access all portions of Defendant's website with SRS.

Defendant therefore submits that to the extent the Eleventh Circuit's Sheely analysis is applicable in this action, Yakko-San's "formidable, heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again" has been met. Specifically, nothing in the complaint suggests that the alleged partial inaccessibility of Defendant's website was the result of a "continuing and deliberate practice" rather than a mere isolated mistake. Quite to the contrary, Plaintiff has only vaguely alleged that unspecified "portions" of the site are not "fully" readable with SRS. *See* White v. Bank of America, N.A., 200 F.Supp.3d 237, 244-45 (D.D.C.2016) (no reasonable expectation that allegedly discriminatory practice will recur in the

---

[4] At least one division of this Court has recognized that a website's compatibility with a popular version of screen reader software will not ensure the site's compatibility with all types of such software, and that so long as a website works with the industry-leading versions any compatibility issues with lesser-used programs are the burden of the software vendor to resolve. *See* Gil v. Winn-Dixie Stores, Inc., 257 F.Supp.3d 1340, 1347 (S.D.Fla. 2017) ("If a company's website is compatible with a main screen reader program such as NVDA or JAWS and is not compatible with a lesser used screen reader program, the burden is on the program, not the company to resolve the problem.")

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

absence of allegations or evidence reflecting that the defendant is likely to reinstate the offending conduct). Surely if Defendant were determined to embark upon a concerted effort to deliberately make its website inaccessible to visually impaired people, the entirety of the site would be inaccessible rather than unspecified portions thereof.

Similarly, Mr. Shigetomi's affidavit establishes that Defendant's modifications to its website were motivated by a genuine change of heart since: a) Yakko-San was not aware of any alleged inaccessibility until it reviewed the Plaintiff's complaint; b) after which it promptly retained a web development professional to upgrade the website; and c) Defendant intends to prospectively maintain its website in full compliance with the ADA. Plaintiff has not alleged that Yakko-San deliberately set out to violate the ADA, and Defendant's prompt remediation of its website reflects an earnest and good faith effort to remain compliant.

These factors therefore also support Yakko-San's acknowledgement of liability. Defendant has not disputed the merits of Plaintiff's claim and has instead proactively taken action to remedy the alleged inaccessibility to its website. Defendant's conduct shows contrition rather than recalcitrance.

Defendant furthermore maintains that the case at bar is distinguishable from other Title III ADA cases involving allegedly inaccessible websites wherein various courts have rejected a suggestion of mootness due to updates made after suit was filed. *See, e.g.,* Haynes v. Hooters of America, LLC, 893 F.3d 781 (11th Cir.2018) in which the Eleventh Circuit expressly considered "whether, when a plaintiff sues a defendant for certain relief, the defendant's agreement with a third party to take actions which grant the plaintiff some of the relief he seeks moots the plaintiff's suit." *Id.* at 784. Hooters successfully argued before the District Court that its participation in a settlement agreement with a different plaintiff which required it to implement a

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

plan to remediate its website to make it more accessible overlapped with the relief Haynes sought and the latter case was therefore moot. *Id.* The Eleventh Circuit disagreed, upon its determination that: a) there was no record evidence establishing that Hooters had completed the remediation plan, and therefore the continuing pendency of accessibility issues precluded a finding of mootness; b) Haynes was requesting certain relief that was not sought in the prior litigation, and therefore Hooter's settlement agreement from that other case did not resolve all aspects of Haynes' complaint; and c) Haynes was not a party to the settlement agreement from the prior case and therefore lacked the legal capacity to seek its enforcement in the event of Hooter's breach. *Id.*

Hooters of America is distinguishable from the case at bar. Here, Defendant has already completed the necessary remediation to its website and, accordingly, Yakko-San has done more than merely profess that it will be compliant at some indeterminate point in the future. Moreover, the remediation already completed by Defendant perfectly corresponds to the relief sought by Plaintiff such that no further relief could be granted[5]. And needless to say, the remediation already completed by Defendant does not implicate the terms of an extraneous agreement for which the Plaintiff as a non-party lacks standing to enforce.

---

[5] The Eleventh Circuit in Hooters of America determined that the plaintiff in that case was expressly seeking the entry of an injunction "requiring Hooters to maintain the website in a compliant condition." *Id.* Plaintiff in the case at bar seeks similar relief. *See* complaint at 10, subsection (f). The Hooters Court rejected the District Court's conclusion that the case was moot because "there is still a live controversy about whether Haynes can receive an injunction to force Hooters to make its website ADA compliant or to maintain it as such." *Id.* Whatever allegations that may have been present within Haynes' complaint in Hooters of America to support the issuance of an injunction requiring Hooters to prospectively maintain its website in compliance with the ADA, however, are missing from the complaint in this case. Mr. Buchholz has not asserted any allegations suggesting that the non-compliant portions of Yakko-San's website were the result of a concerted campaign to discriminate against the visually impaired, nor has the Plaintiff alleged any facts indicating that Yakko-San intends to reverse the updates it has made to its website once this litigation ends. Defendant therefore submits that the complaint as currently framed does not state a claim for prospective injunctive relief to broadly monitor Yakko-San's future ADA compliance. *See* Thomas v. Branch Banking and Trust Co., 32 F.Supp.3d 1266, 1271 (N.D.Ga.2014) (in an action claiming violations of Title III of the ADA due to non-compliant ATMs, "[t]he Court cannot expand an action for one type of harm – failure to upgrade ATMs – to broadly monitor a defendant's actions and ensure that another type of hypothetical, unalleged and unproven harm – failure to maintain ATMs – does not occur.")

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

As a practical matter, this case is analogous to other Title III cases – such as Nick Corcokius Enterprises, Inc. and Bamco VI, Inc. – wherein permanent, structural modifications to places of public accommodation were made in response to complaints asserting ADA non-compliance so as to moot the plaintiff's claims. Modifications to a website require specialized knowledge pertaining to computer programming, much like architectural modifications to a physical space require construction expertise. Yakko-San was therefore required to expend capital in order to retain a web development professional to implement the necessary modifications to its website. It defies logic to suggest (and Mr. Buchholz's complaint does not allege) that Defendant has any incentive to expend additional capital at some point in the future to undo the changes it has made and thereby expose itself to continuing liability under the Act. Yakko-San is a for-profit enterprise, and is consequently averse to engaging in conduct which is harmful to its bottom line.

Accordingly, Defendant maintains that under the circumstances of this case it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur", Sheely, 505 F.3d at 1183-84, and this action should be dismissed with prejudice for lack of subject matter jurisdiction due to mootness.

IV.     Failure to State A Claim Upon Which Relief Can Be Granted

To state a claim for relief under Title III of the ADA, a plaintiff must allege the following essential elements: a) that he or she is disabled as defined under the Act; b) the defendant is a private entity that owns, leases or operates a place of public accommodation; and c) the plaintiff was denied public accommodations by the defendant as a result of the plaintiff's disability. *See* Bang & Olufsen America, Inc., 2017 WL 1957182 at 2 (citing, *inter alia*, Ariz. ex rel. Goddard v. Harkins Amusement Enters., 603 F.3d 666, 670 (9th Cir.2010)).

Rosenthal Rosenthal Rasco LLC
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

Where the alleged barriers to accessibility are intangible – such as those pertaining to a website rather than a physical location – a split exists among the various circuit courts as to whether the Act even applies. *See* Interbond Corporation of America, 2017 WL 4863085 at 4 (noting that the Third, Fifth, Sixth and Ninth Circuits have determined that the Title III of the ADA is applicable only to physical places whereas the First, Second and Seventh Circuits have held that Title III applies to intangible barriers not connected to physical places). As noted by another division of this Court, the Eleventh Circuit has "charted a middle path" via concluding that Title III applies to intangible barriers that affect the plaintiff's ability to enjoy the benefits and services of a physical location. *Id.* at 5 (citing Rendon v. Valleycrest Productions, Ltd., 294 F.3d 1279 (11th Cir.2002)).

Accordingly, Title III claims brought within this circuit which allege intangible barriers to accessibility must allege a nexus between the barrier and the plaintiff's ability to avail himself of the services offered by the physical place of public accommodation. *See* Escalante-Black Diamond Golf Club LLC, 2019 WL 1905865 at 7 (rejecting the notion that a website is itself a place of public accommodation and instead requiring allegations that the inaccessible portions thereof "'hinders the full use and enjoyment' of Black Diamond's facilities"); Interbond Corporation of America, 2017 WL 4863085 at 5 ("In the absence of allegations that Plaintiff's inability to use BrandsMartUSA.com impedes his access to one of Defendant's physical locations, the Amended Complaint must be dismissed"); Bang & Olufsen America, Inc., 2017 WL 1957182 at 3 ("if a plaintiff alleges that a website's inaccessibility impedes the plaintiff's 'access to a specific, physical, concrete space[,]' and establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss") (citing Access Now, Inc. v. Southwest Airlines Co., 227 F.Supp.2d 1312, 1321

{W0498515.1 }
**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

(S.D.Fla. 2012)).

When measured by the foregoing standards, Plaintiff's complaint in the case at bar is clearly deficient. The complaint omits specific allegations of ultimate fact detailing how Plaintiff's ability to access Yakko-San's restaurant was somehow impeded by the alleged inaccessibility of portions of Defendant's website. Although Plaintiff attempts to allege via paragraph 12 a nexus between his inability to access part of the website and his ability to avail himself of the services offered at Defendant's restaurant, he omits any details describing how his (future) [6] patronage of the restaurant will be affected. Nor does the complaint as currently drafted reveal which portions of Defendant's website were allegedly inaccessible, so as to preclude any meaningful analysis of how such inaccessibility might affect Plaintiff's "intent" to visit the restaurant.

This case is therefore distinguishable from others arising under Title III wherein specific facts were alleged to explain how the public accommodation's inaccessible website impeded the plaintiff's enjoyment of the corresponding physical location. *See, e.g.,* Jones v. Fort McPherson Credit Union, 347 F.Supp.3d 1351, 1354 (N.D.Ga.2018) ("the alleged inaccessibility of Defendant's website denies Plaintiff access to Defendant's services that are available on its website, including the store location and hours of operation, online calculators, and information about Defendant's services that enable a website visitor to 'pre-shop'"); Haynes v. Dunkin Donuts LLC, 741 Fed.Appx. 752, 754 (11th Cir.2018) ("Haynes alleges that the inaccessibility of Dunkin' Donuts' website has similarly denied blind people the ability to enjoy the goods, services, privileges, and advantages of Dunkin' Donuts' shops. Among other things, he alleges that Dunkin' Donuts' website allows customers to locate physical Dunkin' Donuts' store

---

[6] Plaintiff alleges only that he "desired" to visit Yakko-San and "intends to visit" within the next six months (complaint ¶4). To the extent Plaintiff is suggesting that the allegedly inaccessible portions of the website deterred him from visiting the restaurant, the complaint does not specify the factual basis for such deterrence.

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

locations and purchase gift cards online"); *see also* <u>Winn-Dixie Stores. Inc.</u>, 257 F.Supp.3d at 1349 ("The services offered on Winn-Dixie's website, such as the online pharmacy management system, the ability to access digital coupons that link automatically to a customer's reward card, and the ability to find store locations, are undoubtedly services, privileges, advantages, and accommodations offered by Winn-Dixie's physical store locations.")

Plaintiff's complaint should therefore be dismissed for failure to state a claim upon which relief can be granted.

V.      <u>Local Rule 7.1(a)(3)</u>

Undersigned counsel hereby certifies that he has conferred with counsel for the Plaintiff in a good faith effort to resolve the issues raised herein and that such effort was unsuccessful.

WHEREFORE, Defendant respectfully requests dismissal with prejudice of the Plaintiff's claim, an award of its reasonable attorneys' fees and costs pursuant to any applicable basis in law or fact, and such other and further relief this Court deems just and proper.

> ROSENTHAL ROSENTHAL RASCO LLC
> Counsel for Defendant, Yakko-San LLC
> ONE AVENTURA EXECUTIVE CENTER
> 20900 N.E. 30th Ave., Suite 600
> Aventura, FL 33180
> Phone:  305-937-0300
> Facsimile: 305-937-1311
>
> By:    /s/Steve M. Bimston. Esquire
>        EDUARDO I. RASCO, ESQ.
>        Florida Bar No. 646326
>        eir@rrrlaw.com
>        STEVE M. BIMSTON, ESQ.
>        Florida Bar No. 179205
>        smb@rrrlaw.com

**Rosenthal Rosenthal Rasco LLC**
One Aventura, 20900 N.E. 30th Avenue, Suite 600, Aventura, Florida 33180
305.937.0300 / Fax: 305.937.1311

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of October, 2019 I electronically filed the foregoing with the Clerk of Court using CM/ECF thereby ensuring electronic notification of same to the following parties:

Ronald E. Stern, Esq.
The Advocacy Law Firm, P.A.
1250 E. Hallandale Beach Blvd., Suite 503
Hallandale, Florida 33009
ronsternlaw@gmail.com

ROSENTHAL ROSENTHAL RASCO LLC
Counsel for Defendant, Yakko-San LLC
ONE AVENTURA EXECUTIVE CENTER
20900 N.E. 30th Ave., Suite 600
Aventura, FL 33180
Phone:  305-937-0300
Facsimile: 305-937-1311

By:    /s/Steve M. Bimston, Esquire
        EDUARDO I. RASCO, ESQ.
        Florida Bar No. 646326
        eir@rrrlaw.com
        STEVE M. BIMSTON, ESQ.
        Florida Bar No. 179205
        smb@rrrlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-23735-JEM

HARVEY A. BUCHHOLZ

      Plaintiff,

vs.

YAKKO-SAN, a Florida limited liability company,

      Defendant

_____/

### AFFIDAVIT OF HIROSHI SHIGETOMI

STATE OF FLORIDA           )
                          ) SS:
COUNTY OF MIAMI-DADE    )

    BEFORE ME the undersigned authority, personally appeared HIROSHI SHIGETOMI who, after first being duly sworn under oath, deposes and says:

1) My name is HIROSHI SHIGETOMI, and I make the within Affidavit based upon my personal knowledge.

2) I am a managing member of Defendant YAKKO-SAN, LLC ("Yakko-San").

3) In connection with such position, I am familiar with Yakko-San's website located at www.yakko-san.com.

4) I am familiar with the complaint filed by Plaintiff HARVEY A. BUCHHOLZ within the above-styled action.

5) I was unaware that Yakko-San's website was partially incompatible with screen reader software until I had an opportunity to review the Plaintiff's complaint.

6) I thereafter retained a web development professional to update Yakko-San's website in order to make it fully compatible with most types of screen reader software. I was

{W0498802.1}

required to hire a professional web developer to modify Yakko-San's website since neither I nor anyone working for Yakko-San has the necessary expertise to create, edit or modify a website.

7) Yakko-San's website has now been updated and, to the best of my knowledge and belief, is now fully compatible with most types of screen reader software.

8) Yakko-San intends to maintain its website in full compliance with the Americans With Disabilities Act and will continue making all reasonable efforts to do so going forward.

9) As a commercial enterprise, Yakko-San's corporate existence depends upon its profitability. Yakko-San therefore has no incentive to spend additional money to reverse the changes already made to its website and thereby expose the company to potential future liability.

FURTHER AFFIANT SAYETH NAUGHT

_____
HIROSHI SHIGETOMI, *Affiant*

Sworn to and subscribed before me this ____ day of October, 2019, by HIROSHI SHIGETOMI, who is [ ] personally known to me or [ ] who produced _____ as identification.

_____
NOTARY PUBLIC, State of Florida

My Commission expires:



NOTARY PUBLIC  
STATE OF FLORIDA  

MARIA E. GOODLEY  
Commission # GG 238354  
Expires August 11, 2022  
Bonded Thru Budget Notary Services

{W0498802.1}